TEXAS & N. O. R. CO. v. FRANCIS.

(Court of Civil Appeals of Texas. Texarkana. March 19, 1914. On Motion for Rehearing, April 2, 1914.)

1. APPEAL AND ERROR (§ 1052*)—HARMLESS ERROR—ADMISSION OF EVIDENCE—FACT OTHERWISE ESTABLISHED.

Error in admitting testimony that a horse, for whose death the action was brought, would have been worth a certain sum if he had made a good showing at a fair to be held in the future was harmless, where the testimony of the witnesses as to the value of the horse ranged from $1,200 to $2,500, and the verdict, which was for $1,250, was not claimed to be excessive.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4171–4177; Dec. Dig. § 1052.*]

2. APPEAL AND ERROR (§ 232*)—ASSIGNMENT OF ERROR—ADMISSION OF EVIDENCE—DEPARTURE FROM OBJECTION.

An objection to a question calling for an opinion as to the suitability of a car furnished for the transportation of a horse, that the rule admitting such testimony does not permit a witness to testify to a conclusion which is in issue on the trial, does not support an assignment that the witness was not qualified to give an opinion, and that there were no facts upon which the opinion could be predicated.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1351, 1368, 1426, 1430, 1431; Dec. Dig. § 232.*]

3. CARRIERS (§ 217*) — CARRIAGE OF LIVE STOCK—CONTRIBUTORY NEGLIGENCE OF CONSIGNEE.

The failure of the consignee of a horse properly to blanket and protect it from the weather after its delivery by the carrier is not contributory negligence which will bar a recovery for the death of the horse caused by delay in shipping, and by transporting it in a box car without sufficient ventilation.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 931; Dec. Dig. § 217.*]

On Motion for Rehearing.

4. APPEAL AND ERROR (§ 232*)—PRESENTING QUESTIONS IN LOWER COURT—OBJECTIONS TO CHARGE—STATUTORY PROVISIONS.

The failure of objections to a charge to conform to the requirements of Acts 1913, c. 59, amending Rev. St. 1911, art. 1971, furnishes no reason for refusing to consider the assignment of error based thereon, in an action which was tried before that act became effective.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1351, 1368, 1426, 1430, 1431; Dec. Dig. § 232.*]

5. APPEAL AND ERROR (§ 730*)—ASSIGNMENTS OF ERROR—REFERENCE TO CHARGE.

Where the assignments of error stated that the court erred in its charge, and particularly in advising the jury that "it was the duty of the defendant to exercise ordinary care to furnish a reasonably suitable car for the shipment of plaintiff's horse," for specified reasons, and that the error was called to the court's attention by motion for new trial, referring to a page in the transcript, and there was nowhere any effort to point out more particularly the portions of the charge objected to, the assignments will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3013–3016; Dec. Dig. § 730.*]

Error to District Court, Cherokee County; Jas. I. Perkins, Judge.

Action by Dr. C. C. Francis against the Texas & New Orleans Railroad Company. Judgment for the plaintiff, and defendant brings error. Motion for rehearing overruled.

Jno. T. Garrison and Baker, Botts, Parker & Garwood, all of Houston, and Imboden & Perkins, of Rusk, for plaintiff in error. Norman & Shook, of Rusk, for defendant in error.

HODGES, J. In October, 1912, the defendant in error was the owner of a pair of horses, which he desired to exhibit at the Dallas Fair. On the 15th of that month he delivered the horses to the plaintiff in error, at Rusk, and took a bill of lading showing that they were to be transported to the fair grounds chutes at Dallas. The freight was prepaid to Dallas. The horses arrived at the depot of the plaintiff in error at Dallas the next day some time near noon, and were delivered to W. A. Massey, the consignee, between 5 and 6 o'clock that afternoon. At the time of their delivery they appeared to be in good condition; but no special examination seems to have been made by Massey. The next morning one of them showed evidences of being sick. A veterinarian was called in to treat the animal; but it died a few days thereafter of pneumonia. This suit was brought to recover its value.

The petition charged negligence in delay in the transportation and delivery of the horses, and in shipping them in a box car with insufficient ventilation. The jury returned a verdict in favor of the defendant in error for $1,250. The testimony is conflicting as to the kind of car in which the animals were shipped; some of the witnesses testifying that it was a stock car, while another stated that it was an ordinary box car. The station agent testified that the defendant in error requested him to furnish a stock car; but he was not certain that the car he furnished was in fact the kind wanted.

[1] The first error assigned is to the action of the court in permitting defendant in error to testify that, if his horse had made a good showing at the California State Fair in

1915, he would have been worth $25,000. This testimony could affect only the amount of the verdict. Several witnesses testified as to the value of the deceased animal. None of them placed his value at less than $1,200; while others testified that he was worth $2,500. It is not likely that this error had any influence upon the jury in fixing the amount of the damages. No complaint is made that the verdict is excessive.

[2] It is also contended that the court erred in permitting the defendant in error to testify that a small box car, with only one door open for ventilation, and that door only partially open, was not a suitable car in which to ship a horse. The ground of the objection, as shown by the assignment, is that the witness was not qualified as an expert to give that character of testimony, and the absence of any facts upon which the question could be predicated. The bill of exceptions to which we are referred as presenting this question shows that on the trial there was no specific objection urged. The objection there made is as follows: "We object to the question. He (the witness) has already testified that he is a physician, and this rule permitting such testimony does not go to the extent of permitting a witness to testify to a conclusion which is in itself an issue on the trial." According to the qualification made by the court in allowing this bill, that was the only objection interposed. It does not support the assignment.

The third assignment of error is not supported by the record, and is accordingly overruled.

The fifth, sixth, tenth, eleventh, twelfth, thirteenth, fourteenth, and fifteenth assignments of error complain of the general charge of the court. Some of these assignments are so general in failing to point out the portions of the charge of the court to which they are directed that for that reason alone they should be disregarded. Article 1971 of the Revised Civil Statutes of 1911, as amended by the Acts of 1913 (see Acts 1913, p. 113), reads as follows: "The charge shall be in writing and signed by the judge; after the evidence has been concluded the charge shall be submitted to the respective parties or their attorneys for inspection, and a reasonable time given them in which to examine it and present objections thereto, which objections shall in every instance be presented to the court before the charge is read to the jury, and all objections not so made and presented shall be considered as waived." One of the purposes of this statute evidently was to require the parties to call the attention of the court to such portions of the charge as they regarded as erroneous, and to give the court an opportunity to make such corrections as might be necessary and proper before the charge was read to the jury. Article 2061, as amended by the act above referred to, is as follows: "The ruling of the court in the giving, refusing or qualifying of instructions to the jury shall be regarded as approved unless excepted to as provided in the foregoing articles." Evidently the "foregoing articles" referred to are those which immediately precede this amended article in chapter 19 of the Revised Civil Statutes of 1911. For the failure to comply with those provisions of the statute, these assignments will not be considered.

[3] Special charge No. 2, which was requested and refused, if correct in other respects, was erroneous in telling the jury that a failure to properly blanket and protect the horse from the weather after his delivery to Massey at Dallas would be contributory negligence. The court for that reason, if for no other, was justified in refusing to give it.

We think the court fairly submitted the issues, and in a way that did not mislead the jury, and there was no reversible error in failing to give the requested charges that were refused.

The evidence, while conflicting upon the issue of negligence, was, we think, sufficient to support the verdict of the jury; and the judgment of the district court is accordingly affirmed.

WILLSON, C. J., did not sit in this case.

### On Motion for Rehearing.

HODGES, J. [4, 5] In the motion for rehearing our attention has been called to the fact that this case was tried before the act of 1913 referred to in the original opinion was passed. It follows that the failure to comply with the provisions of that act furnishes no reason for refusing to consider the assignments. It is but just to counsel for plaintiff in error that this correction be made. However, most of these assignments are briefed and presented in a manner which fully warrants a refusal to consider them upon other grounds. The fifth and sixth are as follows:

"(5) The court erred in its charge to the jury, and particularly in advising the jury 'that it was the duty of the defendant to exercise ordinary care to furnish a reasonably suitable car for the shipment of plaintiff's horse,' because no issue as to suitability of the car furnished was made by the evidence; all the credible evidence showing that a proper and suitable stock car was in fact furnished. This error was called to the attention of the trial court in defendant's motion for a new trial." (Tr. p. 20.)

"(6) The court erred in its charge to the jury, and particularly in charging the jury on the alleged duty of defendant to furnish a reasonably suitable car for the transportation of the horse involved herein, because the overwhelming weight of the evidence showed that a proper and suitable car—that is to say, a stock car—was in fact furnished. This error was called to the attention of the trial

court in defendant's motion for a new trial." (Tr. p. 20.)

The statement which follows these assignments consists mainly of excerpts from the testimony. Nowhere is there any effort to point out more particularly the portions of the charge objected to.

Next in the order of arrangement in the brief are assignments numbered 10, 11, and 12, which are equally as vague and indefinite. The thirteenth assignment is a little more specific, but is without merit. The fourteenth assignment contains an extract from the court's main charge, but presents no reversible error. The questions involved in these assignments are not new, and there is no occasion to discuss them in detail.

The motion for a rehearing is overruled.

WILLSON, C. J., not sitting in this case.